IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| CHRISTOPHER & TARA SCHNAKENBERG,) | |
| ) | CASE NO. BK05-45489 |
| Debtors. ) | A06-4044 |
| JOSEPH H. BADAMI, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| DAIMLER CHRYSLER SERVICES OF ) | |
| NORTH AMERICA, L.L.C., ) | |
| ) | |
| Defendant. ) | |

ORDER

    This matter is before the Court on the adversary complaint (Fil. #1) and the parties' stipulated facts (Fil. #11) and affidavit evidence (Fil. #12). Joseph H. Badami appeared as the Chapter 7 Trustee, and Douglas Heagler and Marilyn Washburn represented DaimlerChrysler Services of North America, L.L.C.

    This adversary proceeding was originally scheduled for trial to be held in Lincoln, Nebraska, on August 24, 2006. The parties agreed in lieu of trial to submit the matter to the Court on stipulated facts and documentary evidence. On September 13, 2006, the parties filed a Stipulation of Facts (Fil. #11) and Plaintiff filed the Affidavit of Joseph H. Badami (Fil. #12).

    According to the Stipulation of Facts, one of the Debtors, Tara N. Schnakenberg, together with a third party, purchased a 2005 Jeep Wrangler motor vehicle VIN#1J4FA39S85P337246 ("Vehicle") on October 1, 2005. In connection with such purchase, the purchasers granted to Defendant a security interest in the Vehicle.[1] Defendant's lien was notated on the certificate of title on October 21, 2005. Debtors filed their Chapter 7 proceeding on October 14, 2005. The Trustee subsequently filed this adversary proceeding seeking to avoid the security interest of Defendant as a preferential transfer because Defendant's lien was not perfected at the time of the bankruptcy filing.

---

    [1]Although not expressly set out in the Stipulation of Facts for trial, based upon the pleadings and the joint preliminary pretrial statement filed herein, the Court is assuming that the loan made by Defendant was an enabling loan and that the security interest was a purchase-money security interest.

The Trustee's position is that Defendant's lien was not perfected at the time of the bankruptcy filing and, therefore, is subject to the avoidance powers of the Trustee. Defendant takes the position that the lien was properly perfected within twenty (20) days of the purchase of the Vehicle and, therefore, is not subject to the avoidance powers of the Trustee according to 11 U.S.C. § 547(c)(3).

Regardless of whether Defendant's lien is a preference under Section 547(b), the Trustee cannot avoid the lien if it falls within the "enabling loan" exception of Section 547(c)(3). That section essentially provides the purchase-money security interest exception to the preference provisions. It appears undisputed that Defendant's loan and security interest satisfies the elements of Section 547(c)(3). The only dispute appears to be whether the intervening bankruptcy filing somehow cuts off Defendant's right to assert this exception. It does not.

In Section 362(b)(3), the Bankruptcy Code expressly provides that the automatic stay of Section 362 does not apply to the perfection "of an interest in property to the extent * * * that such act is accomplished within the period provided under section 547(e)(2)(A) of this title[.]" Section 547(e)(2)(A) refers back to the time periods set forth in Section 547(c)(3)(B). Therefore, the Bankruptcy Code expressly contemplates the perfection of purchase-money security interests even after the date the bankruptcy was filed. Section 547(c)(3) provides a time limit to perfect a purchase-money security interest, and nothing in that section indicates that the time limit ends upon bankruptcy filing. Since Defendant perfected its lien within 20 days after Debtor received possession of the Vehicle, Defendant is protected by Section 547(c)(3).

IT IS ORDERED: This Court finds that the security interest of Defendant falls within the protections of Section 547(c)(3) and is not avoidable by the Trustee. Separate judgment will be entered.

DATED:  September 25, 2006

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Joseph H. Badami
    Douglas Heagler
    Marilyn Washburn
    Joel Lonowski
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.